United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10424

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANDRECO LOTT; CEDRICK DIGGS

Defendants - Appellants

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 4:01-CR-177-A

_____

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit
Judges.

PER CURIAM:[*]

Following a two-day trial, Andreco Lott was convicted of

conspiracy to commit bank robbery, two counts of bank robbery,

two counts of conspiracy to obstruct interstate commerce by

robbery, and four counts of using and carrying a firearm during a

crime of violence.  The same jury convicted Cedrick Diggs of

three counts of conspiracy to obstruct interstate commerce by

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

robbery and three counts of using and carrying a firearm during a crime of violence. Lott and Diggs appeal their respective judgments of conviction, and Diggs appeals his sentence. For the following reasons, we affirm.

Lott and Diggs first assert that the district court erred by denying their motions for judgment of acquittal because the Government did not provide sufficient evidence to prove that each of the alleged offenses occurred in the Northern District of Texas. It is well-established in this circuit that the "prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense." E.g., United States v. Turner, 586 F.2d 395, 397 (5th Cir. 1978). This court's decision in United States v. Perrien, 274 F.3d 936 (5th Cir. 2001) (per curiam), on which Lott and Diggs rely to assert that a "beyond reasonable doubt" standard applies, is distinguishable because the crime alleged in Perrien contained a jurisdictional requirement as an essential element, id. at 938-39 & n.1, while none of the crimes alleged in the instant indictment has such an element. Because the Government presented at trial direct and circumstantial evidence to prove, by a preponderance of the evidence, that the crimes occurred in the Northern District of Texas, judgment of acquittal is not appropriate.

Lott and Diggs next argue that the district court erred in denying a new trial because the Government failed to disclose

2

material evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).  They suggest that the Government should have disclosed FBI Agent Michael Elsey's testimony regarding co-defendant Telasa Clark's false statements.  While it is doubtful that the Government actually failed to disclose Elsey's testimony, even assuming arguendo that the Government did fail to disclose it, the substantial trial evidence strongly corroborating co-defendant Clark's statements as to Lott's and Diggs's guilt indicates that Elsey's testimony would not have been material to either conviction.  See United States v. Weintraub, 871 F.2d 1257, 1262 (5th Cir. 1989).  The alleged failure to disclose Elsey's testimony does not "put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 513 U.S. 419, 435 (1995).  Because neither Lott nor Diggs can satisfy Brady's materiality requirement, a new trial is not warranted.

Diggs further contends that the district court erred in admitting testimony that, during the time period in which he was committing the robberies, he was living with a woman that was not his wife.  Diggs questions the relevance of this evidence and argues that, even if it is relevant, the prejudicial effect of the evidence outweighs its probative value.  Contrary to Diggs's contention, this evidence is quite relevant, as it helps explain his motive to commit the bank robberies.  While Diggs speculates that the jury thought he was generally a bad person after the

3

Government introduced the evidence, the admission of such evidence alone does not demonstrate either unfair prejudice or that such prejudice substantially outweighs the evidence's probative value.  See Fed. R. Evid. 403 & Comm. Notes. Therefore, the court did not err in admitting this testimony.

Diggs also argues that the district court clearly erred in applying a two-level increase to his offense level for his role as an "organizer, leader, manager, or supervisor" under United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(c).  The trial record indicates that Diggs (1) planned the Top Cats robbery; (2) described the set-up to Lott in an effort to recruit him in the criminal endeavor; (3) provided a car to be used in the get-away; and (4) received, along with Lott, a substantial share of the stolen funds.  In light of the entire record, the district court did not clearly err in enhancing Diggs's sentence by two levels for his leadership role in the crime under U.S.S.G. § 3B1.1(c). See United States v. Musquiz, 45 F.3d 927, 932-33 (5th Cir. 1995).

Finally, Lott argues that the district court's denial of his motion for continuance constituted an abuse of discretion. Although Lott's counsel claims that he had insufficient time to prepare, it is not denied that he had forty days to prepare for eleven felonies.  This allotment of time seems reasonable given that Lott's counsel had been able to interview all of his witnesses but two, and as the trial court noted, there was no

reason why he could not have interviewed the two remaining witnesses in the time left before trial. Further, Lott fails to demonstrate how these two additional defendants would have produced any benefit to his defense. Due to Lott's inability to establish the requisite degree of prejudice, the district court did not err in denying the continuance.

Because neither Lott nor Diggs can establish reversible error, their judgments of conviction and sentences are AFFIRMED.